**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MANUEL BALLESTEROS,          )<br>                              )<br>     Petitioner,             )<br>                              )<br>     v.                       )<br>                              )<br>DORA SCHRIRO and              )<br>ARIZONA ATTORNEY GENERAL,     )<br>                              )<br>     Respondents.             )<br>_____) | CIV 06-0675 PHX EHC (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE EARL H. CARROLL:**

On March 8, 2006, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to [the] Petition for Writ of Habeas Corpus ("Answer") (Docket No. 9) on September 5, 2006. Respondents argue the action for habeas relief was not timely filed and, therefore, the petition must be denied and dismissed with prejudice. Petitioner filed a traverse (Docket No. 13) to Respondents' answer to the petition on November 16, 2006.

**I Procedural History**

In 1994, a jury found Petitioner guilty of first-degree murder, arson, endangerment, misconduct involving weapons, and seven counts of aggravated assault. See Answer, Exh. A & Exh. B. In 1997, Petitioner was sentenced to natural life in prison

pursuant to his conviction on the charge of first-degree murder, and to various terms of imprisonment pursuant to his conviction on the other charges. Id., Exh. A.

Petitioner took a direct appeal of his convictions and sentences. Id., Exh. B. Petitioner asserted the trial court erred when instructing the jury on the premeditation element of first-degree murder and by using Petitioner's murder conviction as an aggravating factor in sentencing Petitioner on the other convictions. Id., Exh. B. The Arizona Court of Appeals denied relief in a memorandum opinion issued August 20, 1998. Id., Exh. A. The Arizona Supreme Court denied review of this decision on February 18, 1999. Id., Exh. C.

Petitioner initiated a timely state action for post-conviction relief on March 17, 1999, by filing a notice of his intent to seek post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. D. Petitioner filed his petition for post-conviction relief on July 7, 2000. Id., Exh. E. Petitioner asserted he was entitled to relief because:

1. The jury's verdicts were contrary to the relevant law and the admitted evidence;

2. He was deprived of his right to the effective assistance of trial counsel;

3. The prosecutor engaged in misconduct;

4. He was deprived of his right to the effective assistance of appellate counsel;

5. The trial court erred by denying his motion to suppress his confession because the confession was taken in violation of Petitioner's <u>Miranda</u> rights. <u>Id.</u>, Exh. E.

The Arizona Superior Court found Petitioner's second, third, and fifth claims, as stated supra, were precluded as waived pursuant to Rule 32.2(a)(3), Arizona Rules of Criminal Procedure. <u>Id.</u>, Exh. F. The trial court determined Petitioner's claim regarding the jury's verdict was not cognizable, pursuant to Rule 32.1, Arizona Rules of Criminal Procedure. <u>Id.</u>, Exh. F. Additionally, the Arizona trial court concluded Petitioner had not raised a colorable claim he was denied his right to the effective assistance of appellate counsel. <u>Id.</u>, Exh. F. The Arizona Court of Appeals denied review of the Superior Court's decision denying post-conviction relief on March 1, 2002. <u>Id.</u>, Exh. G.

Petitioner initiated a second action for post-conviction relief on December 17, 2002. <u>Id.</u>, Exh. H. Petitioner asserted his trial counsel was ineffective because counsel failed to communicate a plea offer to Petitioner and counsel failed to adequately advise Petitioner of the consequences of conviction. <u>Id.</u>, Exh. H (citing <u>Arizona v. Donald</u>, 198 Ariz. 406, 412, 10 P.3d 1193, 1199 (Ct. App. 2000).[1]

---

[1] In <u>Donald</u>, an action for post-conviction relief, the Arizona Court of Appeals concluded the defendant had stated a claim he had been denied his right to the effective assistance of counsel. The petition alleged the defendant's counsel had advised the defendant to reject a plea offer. The defendant alleged his counsel did not seem to know whether the defendant faced soft, hard, or flat time if convicted at trial. The defendant also asserted his counsel failed to advise him he would face a presumptive, flat time, ten-year

-3-

1  Petitioner asserted there had been a relevant change in the law
2  which would result in the reversal of his conviction. Id., Exh.
3  H.  Petitioner asserted he had turned down a plea agreement
4  providing for a sentence of 15 years imprisonment because his
5  attorney told him he would "prevail" at trial. Id., Exh. H at
6  3.  Petitioner also alleged his counsel spent very little time
7  communicating with Petitioner. Id., Exh. H.

8       The Arizona Superior Court denied post-conviction
9  relief in an opinion issued May 30, 2003. Id., Exh. I.  The
10 trial court concluded the Arizona Court of Appeals' decision in
11 Donald, issued in 2000, did not apply retroactively to
12 Petitioner's convictions, which became final in 1999. Id., Exh.
13 I.  Therefore, the court reasoned, the claim was precluded as
14 waived pursuant to Rule 32.2, Arizona Rules of Criminal
15 Procedure. Id., Exh. I.  The Arizona Superior Court also
16 determined Petitioner's claim that his trial counsel and
17 appellate counsel were ineffective was precluded by Rule
18 32.3(a)(3), Arizona Rules of Criminal Procedure, for
19 Petitioner's failure to raise them in his first action for post-
20 conviction relief. Id., Exh. I.  The state trial court also
21 determined Petitioner's claim that he was denied the effective
22 assistance of post-conviction counsel was not cognizable. Id.,
23 Exh. I.  The Arizona Court of Appeals denied review of this
24 decision on August 5, 2004, and the Arizona Supreme Court denied

---

26 sentence if convicted at trial, while the plea agreement offered soft
27 time with the possibility of parole after serving one-half of his
   sentence and offered a sentence of four to eight years.

-4-

1  review on March 16, 2005.  Id., Exh. J.

2       Petitioner filed his federal habeas petition on March 8, 2006.  Petitioner asserts he is entitled to federal habeas relief because: (1) the jury was improperly instructed regarding the elements of first-degree murder; (2) he was improperly sentenced to a term of natural life in prison; (3) there was insufficient evidence to convict him on eight of the charges against him; (4) ineffective assistance of trial counsel; (5) prosecutorial misconduct; (6) he was deprived of his right to the effective assistance of appellate counsel; (7) he was deprived of his right to remain silent, pursuant to the holding in Miranda; (8) he was deprived of his right to the effective assistance of counsel because his counsel failed to advise him to accept a plea agreement.

**II Analysis**

**A. Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Petitioner is a state prisoner whose conviction became final on approximately May 19, 1999, when the time expired for petitioning the United States Supreme Court for review of his direct appeal of his convictions and sentences.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Accordingly, Petitioner's state conviction became final after April 24, 1996, the effective date of the AEDPA.  See Pub. L. No. 104-132, 110 Stat. 1214.

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, the AEDPA also entitles a petitioner to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2) (1994 & Supp. 2006); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

> Section 2244(d)(2) provides for tolling during the time a "properly filed" state court petition is pending. "Properly filed" means the petition's "delivery and acceptance are in compliance with the applicable laws and rules governing filings" in that state. In Pace v. DiGuglielmo, the United States Supreme Court held that "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."

Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005).

Petitioner's conviction became final on May 19, 1999, when the time expired for seeking certiorari of the denial of his direct appeal. Cf. Wixom v. Washington, 264 F.3d 894, 897-98 (9th Cir. 2001); Bowen, 188 F.3d at 1158-59.[2]

---

[2] Several United States Circuit Courts of Appeal, and one published opinion issued by the United States District Court for the District of Arizona, have concluded that the relevant statute of limitations begins to run on a federal habeas action when a petitioner stands convicted by a state court *and* the time for seeking certiorari by the United States Supreme Court expires, regardless of whether or not the petitioner actually sought certiorari. See Biggs v. Duncan, 339 F.3d 1045, 1047 (9th Cir. 2003); White v. Klitzkie, 281 F.3d 920, 924 (9th Cir. 2002); David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2002); Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998); Wilson v. Greene, 155 F.3d 396, 400

Prior to May 19, 1999, Petitioner filed a timely action for state post-conviction relief which tolled the one-year statute of limitations until the Arizona Court of Appeals denied relief on March 1, 2002. Petitioner had thirty days to seek review of this decision by the Arizona Supreme Court and, therefore, the statute of limitations on his federal habeas action was further statutorily tolled until April 1, 2002. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000). See also Lookingbill v. Cockrell, 293 F.3d 256, 266 (5th Cir. 2002) (collecting cases so holding).

The statute of limitations on Petitioner's federal habeas action then ran against Petitioner for approximately eight months, from April 2, 2002, until December 17, 2002, when Petitioner filed a second action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. During this time Petitioner had no action for relief pending in any state court.

Petitioner's second action for post-conviction relief, filed December 17, 2002, did not, arguably, further toll the

---

(4th Cir. 1998); Ross v. Artuz, 150 F.3d 97, 98 (2nd Cir. 1998); Souch v. Harkins, 21 F. Supp. 2d 1083, 1084-85 (D. Ariz. 1998); Smith v. Lord, 230 F. Supp. 2d 288, 291 (E.D.N.Y. 2002); Moore v. Hawley, 7 F. Supp. 2d 901, 903 (E.D. Mich. 1998). See also Lambrix v. Singletary, 520 U.S. 518, 527, 117 S. Ct. 1517, 1525 (1997) (noting that the defendant's conviction became final when his time for filing a petition for a writ of certiorari expired). Cf. Caspari v. Bohlen, 510 U.S. 383, 390, 114 S. Ct. 948, 953 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.").

statute of limitations on Petitioner's federal habeas claims because it was not a "properly filed" action for state post-conviction relief as that term is defined by the federal courts' interpretation of the AEDPA. See Pace v. DiGuglielmo, 544 U.S. 408, 412-13, 125 S. Ct. 1807, 1811-14 (2005); Bonner v. Carey, 425 F.3d 1145, 1146 (9th Cir. 2005), cert. denied, 127 S. Ct. 132 (2006). See also Richardson v. Newland, 171 Fed. App. 156, 157 (9th Cir. 2006).

Additionally, even allowing the statute of limitations was tolled during the pendency of this action, Petitioner's federal habeas petition was not timely filed. At the time Petitioner's second action for post-conviction relief was filed, eight months of the one-year statute of limitations had already passed. Proceedings in Petitioner's second action for post-conviction relief concluded on March 16, 2005, and his federal habeas action was not filed until March 8, 2006. The statute of limitations regarding Petitioner's federal habeas action was not tolled during this approximately eleven month interval. Therefore, an undisputed period of at least 19 months passed, absent statutory tolling, from the time Petitioner's convictions became final and the time he filed his federal habeas action.

Because Petitioner did not file his federal habeas action within the one-year period specified by the AEDPA, absent any statutory tolling, the merits of his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals

-8-

has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Lott, 304 F.3d at 922 (concluding the petitioner was entitled to tolling for time period the petitioner was denied access to his legal files while being transferred); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). To be entitled to equitable tolling, a habeas petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).[3] It is Petitioner's burden to establish that equitable tolling is warranted in his case. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005). Petitioner bears the burden of proving both that he has been diligently pursuing his claims and that extraordinary circumstances impeded his timely filing of his federal habeas petition. See Pace, 544 U.S. at 418, 125 S. Ct. at 1814; Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).

---

[3] The Ninth Circuit Court of Appeals has not squarely addressed whether the United States Supreme Court's opinion in Pace "lowered" the standard for equitable tolling set in Spitsyn. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005). See also Astorga v. Terhune, 130 Fed. App. 181, 183 (9th Cir. 2005); Boudette v. Schriro, 2006 WL 664364, at *3 (D. Ariz.).

In his traverse, Petitioner contends he is entitled to equitable tolling of the statute of limitations because he was "without assistance of counsel" while presenting his federal habeas claims in the state courts in his state post-conviction proceedings. See Docket No. 13 at 7-8. Petitioner asserts the paralegal assistance provided by the Arizona Department of Corrections during his state post-conviction proceedings was inadequate. Id.

The Court notes that, although Petitioner claims he was deprived of adequate legal assistance in his state post-conviction proceedings, Petitioner succeeded in initiating and prosecuting two actions for state post-conviction relief. Petitioner's claim of ineffective assistance of counsel was considered on the merits in Petitioner's first action for post-conviction relief, and Petitioner was able to raise arguable claims in his second action for post-conviction relief. Petitioner does not assert how Respondents prevented him from filing a federal habeas action from March 16, 2005, when his second action for state post-conviction relief concluded, until he filed his federal habeas action on March 8, 2006, or how he diligently pursued his interests during this eleven-month interval.

Petitioner has not met his burden of establishing there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action. See Pace, 544 U.S. at

418-19, 125 S. Ct. at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Roy v. Lampert, 465 F.3d 964, 970 n.1 (9th Cir. 2006) (collecting cases); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."); Miranda, 292 F.3d at 1068 (concluding that counsel's errors in miscalculating the statute of limitations and mis-advising the petitioner did not warrant equitable tolling). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Faught v. Butler, 135 Fed. App. 92, 93 (9th Cir. 2005). Petitioner does not claim he was misled about the statute of limitations or that Respondents acted to inhibit the filing of his federal habeas petition. A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling").

### III Conclusion

Petitioner did not file his federal habeas action within the one-year period specified by the AEDPA and Petitioner has not established that he is entitled to equitable tolling of the statute of limitations regarding his federal habeas action. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2d Cir. 2000) (concluding that the petitioner's delays in seeking collateral review of his conviction did not show reasonable diligence, and that the AEDPA's tolling provision already accommodated the exhaustion requirements that prisoners faced, and that petitioner's *pro se* status during most of limitations period did not merit equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

**IT IS THEREFORE RECOMMENDED** that Mr. Ballesteros' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file

specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 28th day of November, 2006.

_____
Mark E. Aspey
United States Magistrate Judge